**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-5195**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILBUR BALLESTEROS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:08-cr-00288-RWT-8)

─────────────

Submitted:  December 29, 2010        Decided:  February 3, 2011

─────────────

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jane C. Norman, BOND & NORMAN, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, James A. Crowell IV, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilbur Ballesteros pled guilty to conspiracy to commit mail and wire fraud, 18 U.S.C. § 1349 (2006), and was sentenced to a term of sixty-three months imprisonment. He appeals his sentence, arguing that the district court clearly erred in finding that he knew or should have known that the offense involved vulnerable victims, U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (2009). We affirm.

The conspiracy was carried out using the Maryland Money Store (MMS) and other corporations created by the conspirators. Its object was to target financially distressed homeowners who had substantial equity in their homes. MMS advertised that its "foreclosure reversal program" could help homeowners keep their homes by allowing title to their homes to be transferred to third parties, or straw buyers, for one year, to repair their credit. But once title was obtained, the conspirators applied for new, fraudulently-inflated mortgage loans, extracted the equity from the property, transferred the sale proceeds from the escrow accounts to their business and personal accounts, and converted much of the money to their personal use.

During the conspiracy, Ballesteros worked as a licensed real estate agent for Cap Title. He conducted real estate settlements for MMS, served as the closing agent, and

2

submitted fraudulent documentation to the lenders. At Ballesteros's sentencing, the government moved for a downward departure under USSG § 5K1.1, p.s., based on his substantial assistance, and informed the district court that he had provided significant assistance because he understood the whole scheme as well as its mechanics and was instrumental in making it successful.

The guideline provides that a two-level adjustment applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." Before making the adjustment, the court must first determine that a victim was "unusually vulnerable due to age, physical or mental condition, or . . . otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1 cmt. n.2.[*] See United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010). The court must also find the defendant knew or should have known of the victim's unusual vulnerability. Id. Because the court's determination is factual, it is reviewed for clear error. Id. Under USSG § 1B1.3(a)(1)(B), in a jointly undertaken criminal activity, the

---

[*] The adjustment currently does not require that the defendant have targeted the victim specifically because of his vulnerability. Before the 1995 amendment to § 3A1.1, Application Note 2 stated that the adjustment "applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." See app. C, amend. 521.

3

defendant is responsible for "all reasonably foreseeable acts . . . of others in furtherance of the jointly undertaken criminal activity."

Ballesteros argues that there was no evidence that he knew or should have known of the victims' unusual vulnerability. However, there was evidence before the court that he had a comprehensive knowledge of the scheme, the purpose of which was to defraud financially vulnerable people. Ballesteros also maintains that there was no connection between the victims' vulnerability and the success of the crime. Here also, the evidence that the point of the scheme was to defraud financially vulnerable victims of their equity and that he was an essential contributor to the scheme refutes his claim. We conclude that the district court did not clearly err in making the adjustment under § 3A1.1(b)(1).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4